46 F.3d 1114
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Justiniano CUEVAS-BURGOS, Plaintiff, Appellant,
v.
UNITED STATES of America, Defendant, Appellee.
 No. 94-1683.
 United States Court of Appeals,
First Circuit.
 Feb. 8, 1995.
 
 Appeal from the United States District Court for the District of Puerto Rico [Hon. Raymond L. Acosta, U.S. District Judge ]
 Justiniano Cuevas-Burgos on brief pro se.
 Guillermo Gil, United States Attorney, Jose A. Quiles Espinosa, Senior Litigation Counsel, and Jorge E. Vega Pacheco, Chief Criminal Division, on brief for appellee.
 D.Puerto Rico
 AFFIRMED.
 Before TORRUELLA, Chief Judge, BOUDIN and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 We have carefully reviewed the trial transcripts and affirm the denial of petitioner's Sec. 2255 petition.
 
 
 2
 1. Sufficiency of the Evidence. The evidence was fully sufficient to support the convictions. The jury was not required to believe Pagan's testimony absolving petitioner and instead was entitled to credit the government's evidence that petitioner had requested Rodriguez Vega to supply the cocaine and had participated in the cocaine negotiations.
 
 
 3
 2. Speedy Trial Act. Petitioner has not identified any speedy trial act violation. Petitioner's contention that only the four days during which Rodriguez Vega was actually being examined by a physician were excludable is wrong. 18 U.S.C. Sec. 3161(h)(1)(A) (excluding "delay resulting from any proceeding, including any examinations, to determine the mental competency ... of the defendant") (emphasis added); United States v. Anello, 765 F.2d 253, 255-56 (1st Cir.), cert. denied, 474 U.S. 996 (1985); United States v. Zielie, 734 F.2d 1447, 1454 (11th Cir. 1984) (a time exclusion which applies to one defendant applies to all co-defendants), cert. denied, 469 U.S. 1189, 1216 (1985).
 
 
 4
 3. Prejudicial Publicity. Petitioner's claim of prejudicial publicity is meritless. First, the publicity, as described by petitioner, was much less extensive and prejudicial than in other cases in which prejudicial publicity claims have been rejected. See, e.g., United States v. Angiulo, 897 F.2d 1169, 1181-83 (1st Cir.), cert. denied, 498 U.S. 845 (1990); United States v. Moreno Morales, 815 F.2d 725, 730-36 (1st Cir.), cert. denied, 484 U.S. 966 (1987). Second, prior to trial, Judge Acosta questioned the panel from which the jury was chosen whether anyone had read or heard anything about the case. There were no affirmative responses. In view of the lack of response to the voir dire inquiry, there is no evidence any juror was exposed to pre-trial publicity and hence no basis to find prejudice prior to trial. United States v. Samalot Perez, 767 F.2d 1, 5 (1st Cir. 1985) ("[w]hen a trial judge has conducted a voir dire examination with questions effectively designed to unveil any impartiality, then we will set aside his action 'only where juror prejudice is manifest' "). As for any publicity during the trial, Judge Acosta told the jurors not to listen to media accounts and to decide the case solely on the evidence presented in court. Jurors are presumed to follow instructions. United States v. Boylan, 898 F.2d 230, 263 (1st Cir.), cert. denied, 498 U.S. 849 (1990).
 
 
 5
 4. Jurors' Linguistic Competency. There is no basis to believe that the jurors were not competent to understand English. During empanelment, each spoke briefly in English. Most had already served as jurors on at least one trial conducted in English. That the jury asked for further explanation of technical legal terms does not show inability to understand English.
 
 
 6
 5. We have considered all of petitioner's appellate arguments, including his claims of ineffective assistance of counsel, and find them meritless.
 
 
 7
 Affirmed.